## Harris *vs.* Price.

### ERROR TO ESTILL CIRCUIT.

1. By the act of 1792, (1 *Stat. Law*, 435,) deeds executed in other states, for land lying in Kentucky, should be both *subscribed* and acknowledged before two justices of the peace of the county where the grantor resides, and the certificate of the justices must show the *subscription*, as well as the acknowledgment, to have been before them, and the certificate of the county court clerk show that the persons were justices of the peace. Deeds so made and certified and recorded passed title, and copies are made evidence.

2. Powers of attorney, to make deeds were, by the 2d section of the same act, properly acknowledged and recorded in the court of the county where the principal resided, and a copy thereof, certified by the clerk of said county, under the state or county seal, and recorded in some superior or county court in Kentucky.

3. By the 2d section of the act of 1818, (2 *Stat. Law*, 1331,) powers of attorney made in other states shall be recorded in the clerk's office of the court of appeals, general court, or of the county courts, provided they be authenticated in the same manner as foreign deeds are required to be authenticated by existing laws.

Chief Justice Hise delivered the opinion of the court.

The power of attorney from the patentee, George Glasscock, to his joint patentee, William Orear, dated 25th November, 1806, was erroneously permitted to be read as evidence to the jury upon the trial. By the act of 1792, (1 *Stat. Law,* 435,) deeds' executed in other states, for land lying in this state, must be *both* acknowledged and *subscribed* in the presence of two justices of the peace, in the county where the grantors reside, and the certificate of the justices must state that the deed was so acknowledged, and also so *subscribed* or *signed* in their presence; and the clerk of the county, under his county seal, must certify that the persons in whose presence such acknowledgment and *subscription* were made, were justices of the peace, and that due faith and credit is to be given to their act. The deed, so certified, if recorded in that county in this state, where the land lies, in due time, will be effectual to pass the title of the grantors to the land conveyed, and an office copy of such deed may be used as evidence in any suit to recover the land; otherwise, neither a copy of such deed, nor even the original, without other proof of its execution, can be read as evidence in a suit for the recovery of the land from any other person, whether holding adversely or under the grantor, in such deed, unless authenticated in accordance with other laws prescribing the mode of authentication of foreign deeds, in force at the time of its execution.

By the 2d section of the act referred to, powers of attorney made in other states, may be acknowledged in the *court* of the county where the principal resides, in open court, and there recorded, and a copy thereof must be certified by the county clerk of said county, under the state or county seal, and the copy recorded in some superior or county court in this state. The power of attorney, in question, was not acknowledged in conformity to these requisitions; it was not acknowledged in open court, or certified by the clerk of such court, but it purports to have been only ac-

HARRIS
*vs.*
PRICE.

June 15.

1. By the act of 1792, (1 *Statute Law,* 435,) deeds executed in other states, for land lying in Kentucky, should be both *subscribed* and *acknowledged* before two justices of the peace of the county where the grantor resides, and the certificate of the justices must show the *subscription,* as well as the acknowledgment, to have been before them, and the certificate of the county court clerk show that the persons were justices of the peace. Deeds so made and certified and recorded passed title, and copies are made evidence.

2. Powers of attorney, to make deeds were, by the 2d section of the same act, properly acknowledged and recorded in the court of the county where the principal resided, and a copy thereof, certified by the clerk of said county, under

the state or county seal, and recorded in some superior or county court in Kentucky.

3. By the 2d section of the act of 1818, (2 *Statute Law,* 1331,) powers of attorney made in other states shall be recorded in the clerk's office of the court of appeals, general court, or of the county court, provided they be authenticated in the same manner as foreign deeds are required to be authenticated by existing laws.

knowledged before two justices of the peace of the county in which Glasscock resided.

By the 2d section of the act of 1818, 2 *Stat. Law,* 1331, it is enacted, that powers of attorney executed in other states, shall be received and recorded in the clerk's offices of the court of appeals, general court, and of the county courts of this state, provided they shall be authenticated in the same manner as foreign deeds are required to be authenticated by existing laws. But the power in question is not authenticated in accordance with any laws existing at its date, which prescribe the manner of authentication of deeds executed in the other states of the union, or in foreign countries. Doubtless it was designed to make its authentication conform to the provisions of the act of 1792, in respect to deeds, but it does not conform thereto in this, that the two justices do not certify that Glasscock *subscribed* the power of attorney in their *presence.* Had this power of attorney been rejected as evidence, as it should have been, it would follow that the conveyance from Orear and Glasscock, by Orear as his attorney, to Moses M. Price, would pass only the title of Orear, who owned but half the land, and the plaintiff in this action could only recover a moiety of the land in contest. Yet the verdict and judgment is for the whole of the land described in the petition, with an obscure and undefined exception of an old field, the quantity of land in which, and the actual position of which, does not appear from the surveyor's plat and report, or from any other evidence, documentary or oral, in the record.

The original power of attorney, if it can be found, may, upon proof of its execution, or as ancient papers, deriving authenticity from its antiquity, and other facts and circumstances tending to show that it is a genuine document, be given evidence. An office copy of the power of attorney having been improperly admitted as evidence, it follows that the court erred in giving and refusing instructions, and in refusing a new trial as moved by defendant.

Wherefore, the judgment is reversed, and cause remanded for a new trial in conformity with this opinion.

TURNER for plaintiff; CHILES and BRECK for defendant.